IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DIMITRI TAYLOR et al., Plaintiffs, v. COMMISSIONER TERRA TAYLOR and WARDEN PHIL PARKER, Defendants. | ) | C.A. No. 25-118-JLH-EGT |

**REPORT AND RECOMMENDATION**

Plaintiffs Dimitri Taylor, Daquan Watson, Erick Morton, Julius Stewart, Lambert Johnson, Matthew Mellette, Michael Roberts, Shavar Hall-Jackson, Stephen Novak and Von Smith ("Plaintiffs"), all current or former inmates at Howard R. Young Correctional Institution, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 178). Plaintiffs appear *pro se* and have been granted leave to proceed *in forma pauperis*. (D.I. 95, 97, 106, 107, 111, 113, 118, 120, 172 & 173). The Court proceeds to screen the Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a). For the reasons set forth below, the Court recommends that the Second Amended Complaint be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

Howard R. Young Correctional Institution is a state prison located in Delaware. The prison's warden, Philip Parker, and the Commissioner of the Delaware Department of Corrections, Terra Taylor (together, "Defendants"), are accused of depriving Plaintiffs of statutorily authorized credits that shorten their prison term, commonly referred to as "good time" or "good-time credits."

Good-time credits in Delaware are governed by statute – namely, 11 *Del. C.* § 4381. The statute envisions two types of good-time credits: (1) "statutory" good time for good behavior while in custody and (2) "meritorious" good time for participation in education, rehabilitation, work or

other programs as designated by the Commissioner. *See id.* § 4381(c) (statutory) & (d) (meritorious); *see also Snyder v. Andrews*, 708 A.2d 237, 242-43 (Del. 1998) (summarizing types of good time awarded in Delaware). In 2012, Delaware amended the statute to provide for an additional type of meritorious good time, referred to herein as "meritorious bonus good time,"[1] for successful completion of approved programs designed to reduce recidivism. *See* 2012 Delaware Laws Ch. 392 (S.B. 226); 11 *Del. C.* § 4381(d).

Important to this action, the statute provides that "[n]o more than a total of 180 days of 'good time' may be earned in any 1 year consisting of 365 days actually served." 11 *Del. C.* § 4381(e). For statutory good time (*i.e.*, time awarded for good behavior), the statute permits inmates to earn up to thirty-six (36) days per year while in custody at a rate of two days per month during the first year of any sentence and then at a rate of three days per month after completing the first year of any sentence. *Id.* § 4381(c). For meritorious good time (*i.e.*, time awarded for participation in certain designated programs), the statute permits inmates to earn up to ten (10) days per month (*i.e.*, 120 days per year). *Id.* § 4381(d). Lastly, for meritorious bonus good time (*i.e.*, time awarded for successful completion of approved programs designed to reduce recidivism), the statute permits inmates to earn an additional sixty (60) days per year. *Id.*; *see also Walley v. May*, No. CV N20M-11-085 FWW, 2021 WL 4519628, at *2 (Del. Super. Ct. Sept. 30, 2021) (under prior version of statute with identical language for recidivism programs, noting that sixty-day cap is per year). An important distinction exists here – meritorious good time is earned as an inmate participates in programs, whereas as meritorious bonus good time is earned only when the approved program is completed.

---

[1] Regular meritorious good time is referred to herein simply as "meritorious good time."

Plaintiffs here allege that "Defendants have revoked good-time credits from plaintiffs that plaintiffs have previously earned." (D.I. 178 ¶ 13 ("Defendants have done so without reason or justification whatsoever and, more importantly, without cause.")). Specifically, Plaintiffs assert that "Defendants are capping good time limits at just 10 days per month, which totals to 120 days per year" and that "[w]hen including the 36 days of statutory good time from all sentences over one year in duration, the total becomes 156 days per year." (*Id.* ¶ 4). According to Plaintiffs, "[t]his leaves 24 days per year of good time that the Defendants are not awarding, except upon the completion of an 'evidence-based' program, of which there are very few actually available." (*Id.*).[2] Plaintiffs insist that "[t]o cure this problem, Defendants should increase its monthly good time cap from a total of '10' days per month to a total of '12' days a month." (*Id.* ¶ 5). In Plaintiffs' view, increasing the cap to twelve days per month would enable inmates "to earn up to the statutory-alloted [sic] 180 days per month once the 36 days of statutory good time is factored in for all sentences over one year in duration." (*Id.*).

Plaintiffs filed the present action against Defendants on January 28, 2025. (D.I. 57). On December 31, 2025, Judge Hall screened the original Complaint, dismissing all claims without prejudice and granting Plaintiffs leave to amend. (D.I. 158). Plaintiffs filed an Amended Complaint on February 4, 2026, attempting to incorporate allegations from their prior pleading. (D.I. 161 ¶ 3). After the undersigned ordered Plaintiffs to refile their Amended Complaint as a comprehensive pleading that stands by itself (D.I. 174), Plaintiffs filed the Second Amended Complaint on July 24, 2026. (D.I. 178). In their now comprehensive pleading, Plaintiffs continue to assert claims of unconstitutional deprivation of good-time credits and request (1) $1 million in

---

2 The Court understands Plaintiffs' reference to "evidence-based" programs to mean the approved programs designed to reduce recidivism, which allow prisoners to receive meritorious bonus good-time credits. *See* 11 *Del. C.* § 4381(d).

compensatory damages, (2) restoration of previously earned good-time credits and (3) prospective injunctive relief directing Defendants to "create and implement a policy" permitting inmates to earn up to twelve days of meritorious good time per month. (*Id.* ¶ 21).

## II. LEGAL STANDARDS

A federal court may dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (cleaned up); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provision of 28 U.S.C. § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson*

*v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. <u>DISCUSSION</u>

To state a claim for unconstitutional deprivation of good-time credits, a plaintiff must plausibly allege a protected "liberty interest." *See Jago v. Van Curen*, 454 U.S. 14, 17 (1981). Constitutionally protected liberty interests "generally arise either from the Due Process Clause or from state-created statutory entitlement." *Fraise v. Terhune*, 283 F.3d 506, 522 (3d Cir. 2002) (quoting *Shoats v. Horn*, 213 F.3d 140, 143 (3d Cir. 2000)). The Third Circuit has "characterized the former as an 'independent due process liberty interest' and the latter as a 'state-created liberty interest.'" *Powell v. Weiss*, 757 F.3d 338, 341 (3d Cir. 2014) (quoting *Renchenski v. Williams*, 622 F.3d 315, 325 (3d Cir. 2010)). It is well-settled that prisoners do not have an "independent due process liberty interest" in good-time credits. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) ("It is true that the Constitution itself does not guarantee good-time credit for satisfactory behavior while in prison."). Indeed, prisoners have no cognizable liberty interest in good-time credits not authorized by statute. *See Snyder*, 708 A.2d at 242 ("An inmate therefore has no greater right to

good time grace than is provided in the statutes authorizing its award."). But when good-time credits are authorized by statute, prisoners have a constitutionally protected liberty interest in good time that they have previously earned. *See Denny v. Schultz*, 708 F.3d 140, 143 (3d Cir. 2013).

Here, Plaintiffs allege that Defendants have deprived them of earned good-time credits by not awarding more than ten meritorious good-time days per month. (*See* D.I. 178 ¶ 4). And Plaintiffs are asking this Court to order Defendants to increase the cap to twelve days per month. (*Id.* ¶ 5). But as explained above, Defendants are not permitted to award more than ten meritorious good-time credits per month. 11 *Del. C.* § 4381(d) ("Good time may be awarded for satisfactory participation in approved programs at a rate of up to 10 days per calendar month."). In effect, Plaintiffs are suing Defendants for correctly following a law that Plaintiffs perceive to be unfair. But it is for Delaware's legislature and "not this Court, to rewrite the statute." *Blount v. Rizzi*, 400 U.S. 410, 419 (1971); *see also Azar v. Allina Health Servs.*, 587 U.S. 566, 581 (2019) ("[C]ourts aren't free to rewrite clear statutes under the banner of our own policy concerns.").

The facts here illustrate that Defendants are simply following the statute. For example, Plaintiff Stephen Novak was allegedly unconstitutionally deprived of one earned meritorious good-time credit in September 2025. (*See* D.I. 178 ¶ 14; D.I. 178, Ex. A). That month, he participated in two programs – 196 hours of "Inmate Workers" and 16 hours of "Alternatives to Violence (BASIC)." (*See* D.I. 178, Ex. A (columns labeled "Hours Attended" and "Reason for Credit or Forfeiture")). Across these two programs in September 2025, the statute provides that Mr. Novak may receive up to ten days of meritorious good time. 11 *Del. C.* § 4381(d). And if one of these programs was approved as designed to reduce recidivism and Mr. Novak ***completed*** the program in the month of September 2025, he was eligible to earn additional meritorious bonus good time for that completed program. *Id.* That is exactly what happened. Mr. Novak was

awarded one credit for his participation in "Alternatives to Violence (BASIC)" and nine credits for his participation in "Inmate Workers" – amounting to a total of ten meritorious good-time credits awarded for the month of September 2025. (*See* D.I. 178, Ex. A (column "Credits Applied")). Although it appears as though Mr. Novak earned eleven credits across the two programs but was only awarded ten, the statute capped the ultimate result at ten days of meritorious good time for September 2025, and that is what was awarded to Mr. Novak. (*Compare* D.I. 178, Ex. A (column "Credits Earned"), *with id.* (column "Credits Applied")).[3] And then Mr. Novak was awarded an additional two days of meritorious bonus good time because he also completed the "Alternatives to Violence (BASIC)" course in that month. (*Id.* (listing "Alternatives to Violence (BASIC)" a second time in September 2025, without hours attended and only applied as bonus time)).[4]

As demonstrated above, Mr. Novak earned the statutory maximum amount of meritorious good time and an additional two days of meritorious bonus good time. Defendants applied the statute correctly, and Defendants could not have awarded more meritorious good time to Mr. Novak. Plaintiffs' other Quarterly Good Time Reports attached to the Second Amended Complaint show the same pattern: Plaintiffs are awarded up to the statutory amount of meritorious good time based on program participation, with additional days awarded as meritorious bonus good time in the month where an approved program is completed.[5] Because Plaintiffs have only

---

3 The Court acknowledges the confusing wording of the Quarterly Good Time Reports, which delineate meritorious good-time credits between "Credits Earned" and "Credits Applied" – rather than, for example, "Credits Available" and "Credits Awarded." (*See, e.g.*, D.I. 178, Ex. A). The unfortunate wording in the Quarterly Reports, however, cannot change the facts of this case or constraints of the statute.

4 Because meritorious bonus good time is only awarded upon completion of an approved program designed to reduce recidivism, the only plausible inference from the bonus good time being applied is that Mr. Novak completed such a program in September 2025.

5 (*See, e.g.*, D.I. 178, Ex. B (awarding Plaintiff Erick Morton ten meritorious good-time credits for July 2025 despite attending enough hours to earn sixteen credits, with additional

demonstrated that Defendants are following the statute, Plaintiffs fail to plausibly show that Defendants have deprived them of any cognizable liberty interest.

With respect to Plaintiffs' request for prospective injunctive relief directing Defendants to "implement a policy permitting Plaintiffs and any other inmates to earn 12 days of meritorious good time per month" (D.I. 178 ¶ 21), the Court has no basis to direct Defendants to violate the ten-day limit imposed by 11 *Del. C.* § 4381(d). *See Azar*, 587 U.S. at 581; *Blount*, 400 U.S. at 419. In any event, as Judge Hall has previously explained, prisoners "do not have a protected liberty interest in good time credit not yet earned." (D.I. 158 at 2 (citing *Monroe v. Bryan*, 487 F. App'x 19, 21 (3d Cir. 2012))). "Nor have Plaintiffs plausibly alleged a 'legitimate claim of entitlement' to the opportunity to earn the maximum yearly amount of good time credits permitted under 11 Del. C. § 4381." (*Id.* (quoting *Town of Castle Rock, Colorado v. Gonzales*, 545 U.S. 748, 756 (2005))). And to the extent that Plaintiffs seek to invoke the Eighth Amendment's prohibition on cruel and unusual punishment (*see* D.I. 178 ¶ 11), the loss of good-time credits does not constitute cruel and unusual punishment. *See Schreane v. Seana*, 506 F. App'x 120, 124 (3d Cir. 2012); *see also Saldana v. Ortiz*, No. CV 20-6268 (CPO), 2022 WL 1200801, at *8 (D.N.J. Apr. 22, 2022); *Rivera v. Holencik*, No. CIV. 4:04-CV-1117, 2004 WL 3368511, at *4 (M.D. Pa. Oct. 28, 2004), *report and recommendation adopted*, 2005 WL 1322737 (M.D. Pa. June 2, 2005).

---

five meritorious bonus good time credits for completing "Thinking for a Change"); *id.*, Ex. C (awarding Plaintiff Bryon Wilmer ten meritorious good-time credits for August 2025 despite attending enough hours to earn eleven credits); *id.*, Ex. D (awarding Plaintiff Daquan Watson ten meritorious good-time credits in both April and May 2024 despite attending enough hours to earn eleven credits in each month, with additional five meritorious bonus good time credits for completing "Lifeskills-T4C" in May 2024); *id.*, Ex. E (awarding Plaintiff Dimitri Taylor ten meritorious good-time credits in October, November and December 2025 despite attending enough hours to earn eleven credits in each month)).

Lastly, even if Plaintiffs could state a claim for unconstitutional deprivation of good-time credits, Plaintiffs' § 1983 suit would be *Heck*-barred because a judgment in their favor "would necessarily imply the invalidity of [their] conviction or sentence," which have not been invalidated elsewhere. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Absent the prior invalidation of a state confinement, Plaintiffs' claims would have to be brought in a habeas action, 28 U.S.C. § 2254,[6] because good-time credits impact the duration of their confinement. *See Morrison v. Rochlin*, 778 F. App'x 151, 154 (3d Cir. 2019); *see also Shivers v. Hollingsworth*, C.A. No. 22-603-RGA, 2023 WL 4265611, at *4 (D. Del. June 29, 2023). In other words, because Plaintiffs seek damages and injunctive relief for allegedly unconstitutional confinement, "*Heck* requires [Plaintiffs'] success in attacking the calculation of [their] sentence before [they] may properly bring suit pursuant to § 1983." *Taylor v. Danberg*, C.A. No. 12-024-GMS, 2014 WL 4468222, at *3 (D. Del. Sept. 9, 2014), *aff'd*, 603 F. App'x 70 (3d Cir. 2015).

*　　*　　*

In the Second Amended Complaint, Plaintiffs continue to assert that a constitutionally protected liberty interest exists in good-time credits not authorized by statute. There is no such interest. In Delaware, a statute caps meritorious good time credits at ten days per month, and Defendants have simply followed the statute with respect to Plaintiffs here. Plaintiffs fail to state

---

[6] At this time, Plaintiffs cannot bring a habeas action in this Court because they have not demonstrated that they have exhausted their state remedies and fairly presented the Delaware courts with an opportunity to consider their challenges to their confinement based on federal law. *See* 28 U.S.C. § 2254(b) & (c); *Ross v. Adm'r E. Jersey State Prison*, 118 F.4th 553, 564 (3d Cir. 2024); *Webb v. Emig*, C.A. No. 24-886-CFC, 2024 WL 4679260, at *1 (D. Del. Nov. 5, 2024). Additionally, *Heck*'s favorable termination requirement applies to all Plaintiffs, regardless of whether they have been released from prison and can no longer seek habeas relief. *See Gilles v. Davis*, 427 F.3d 197, 209-10 (3d Cir. 2005)*; see also Deemer v. Beard*, 557 F. App'x 162, 165-66 (3d Cir. 2014).

any cognizable claim to relief. And because Plaintiffs' claims are also frivolous in light of the statute, amendment would be futile. Dismissal should be with prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Second Amended Complaint (D.I. 178) be DISMISSED WITH PREJUDICE.

Plaintiffs may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d). Objections are limited to ten (10) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: October 20, 2026

UNITED STATES MAGISTRATE JUDGE